1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9   RICHARD J. TURNER, II,                    Case: No. 1:10-cv-01490-GBC (PC)

10                                            ORDER TO SHOW CAUSE REGARDING
                    Plaintiff,                EXHAUSTION
11
        v.                                    (Doc. 1)
12
    JAMES D. HARTLEY, et al.,
13

14                  Defendants.
                                            /
15

16      **I.      Factual and Procedural Background**

17          Richard J. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

18   this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 18, 2010, Plaintiff filed his

19   original complaint.  (Doc. 1).  On the form complaint, Plaintiff concedes that he has not completed

20   exhaustion of administrative remedies explaining that he seeks emergency remedy to allow Muslim

21   prisoners, including himself, to access to the chapel during the holy month of Ramadan.  (Doc. 1 at

22   2).

23      **II.     Exhaustion Requirement**

24          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

25   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

26   confined in any jail, prison, or other correctional facility until such administrative remedies as are

27   available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

28   administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney*

1

1    *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).   The Court must dismiss a case without
2    prejudice even when there is exhaustion while the suit is pending.   *Lira v. Herrera*, 427 F.3d 1164,
3    1170 (9th Cir. 2005).

4          Exhaustion is required *regardless of the relief sought* by the prisoner.   *Booth v. Churner*, 532
5    U.S. 731, 741, 121 S.Ct. 1819 (2001).   A prisoner must "must use all steps the prison holds out,
6    enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir.
7    2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).   A prisoner's concession to
8    non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.   42
9    U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

10         The Court takes judicial notice of the fact that the California Department of Corrections and
11   Rehabilitation has an administrative grievance system for prisoner complaints.   Cal. Code Regs., tit.
12   15 § 3084.1 (2008).   The process is initiated by submitting a CDC Form 602.   *Id.* at § 3084.2(a).
13   Four levels of appeal are involved, including the informal level, first formal level, second formal
14   level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5.   Appeals must
15   be submitted within fifteen working days of the event being appealed, and the process is initiated by
16   submission of the appeal to the informal level, or in some circumstances, the first formal level.   *Id.*
17   at §§ 3084.5, 3084.6(c).

18         In order to satisfy section 1997e(a), California state prisoners are required to use the available
19   process to exhaust their claims prior to filing suit.   *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378,
20   2383 (2006); *McKinney*, 311 F.3d at 1199-1201.   "[E]xhaustion is mandatory under the PLRA and
21   . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435
22   U.S. at 524).   "All 'available' remedies must now be exhausted; those remedies need not meet
23   federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting
24   *Booth*, 532 U.S. at 739 n.5).   In this instance, Plaintiff conceded that he has not exhausted
25   administrative remedies.

26   ///

27   ///

28   ///

**III.     Conclusion and Order**

 Because it appears that Plaintiff has not completed the grievance process, the Court

HEREBY ORDERS:

     1.     Plaintiff SHALL SHOW CAUSE why the action should not be dismissed for

             failure to exhaust administrative remedies withing thirty (30) days of the date of

             service of this order.


IT IS SO ORDERED.

Dated:     June 7, 2011

_____
UNITED STATES MAGISTRATE JUDGE

3